FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANN MARIE R., | No. 2:20-CV-00266-JAG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Chad Hatfield represents Ann Marie R. (Plaintiff); Special Assistant United States Attorney Joseph J. Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment;

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on October 30, 2017, alleging disability since March 27, 2014 due to diabetes, hepatitis C, back pain, asthma, depression, and anxiety.[2] Tr. 15, 343-48, 362. The applications were denied initially and upon reconsideration. Tr. 248-51, 255-57. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on May 29, 2019, Tr. 120-46, and issued an unfavorable decision on June 19, 2019. Tr. 12-28. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on May 29, 2020. Tr. 1-6. Accordingly, the ALJ's June 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 31, 2020. ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in

---

[2] Plaintiff previously applied for Title XVI benefits on April 14, 2008; the application was denied initially and on reconsideration and resulted in an October 16, 2009 unfavorable decision from an ALJ. Tr. 147-67. Plaintiff appealed the decision and, in an order dated February 25, 2011, the Appeals Council remanded the case to the ALJ. Tr. 168-71. The ALJ denied her claim in an October 12, 2011 unfavorable decision. Tr. 172-99. Plaintiff appealed the decision to the Appeals Council and then to this Court; the appeal resulted in a judgement for the Commissioner of the Social Security Administration. *See Ann Marie R. v. Comm'r of Soc. Sec.*, No. 2:12-CV-0611-TOR (E.D. Wash. Mar. 7, 2014).

1968 and was 48 years old on the date the application was filed; she turned 50 during the period at issue. Tr. 23. She has a 9th grade education. Tr. 363.

### III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant

bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.  ADMINISTRATIVE FINDINGS

On June 19, 2019 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 12-28.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 30, 2017, the application date. Tr. 17.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: lower back pain; hepatitis C with mild liver disease; chronic obstructive pulmonary disease; gastroesophageal reflux disease/peptic ulcer disease; abscesses; seizure disorder secondary to substance use/abuse; diverticulosis with evidence of polyps on colonoscopy; obesity; polysubstance abuse; major depressive disorder; and an unspecified trauma related disorder. Tr. 18.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ then found that the prior (2011) ALJ's Residual Functional Capacity (RFC) "accurately captures the [Plaintiff's] functioning, as demonstrated by the new evidence in the file. No new or material evidence has been submitted that would allow me to deviate from the prior ALJ's [RFC] finding." Tr. 21. The ALJ therefore adopted the prior ALJ's finding that Plaintiff could perform light work, but with the following nonexertional limitations:

> [Plaintiff] is limited to no more than occasional stooping, crouching, crawling, kneeling, balancing or climbing of ramps or stairs; she should never climb ladders, ropes or scaffolds; she should avoid even moderate exposure to respiratory irritants or workplace hazards; she is limited to understanding, remembering and carrying out simple routine, repetitive tasks requiring no more than superficial contact with the public and no more than occasional interaction with co-workers; her work tasks must be able to be performed in an isolated environment; and she must be permitted additional time to adapt to changes in routine.

Tr. 20.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 22.

At *step five*, the ALJ "partially adopted the prior [2011] finding," noting that while Plaintiff changed age categories during the period at issue, that the medical-vocational rules, used as a framework, still directed a conclusion of "not disabled," and that, based on the testimony of the vocational expert at the 2011 hearing, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of housekeeper cleaner, laundry worker, and conveyor operator. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed, October 30, 2017, through the date of the decision. Tr. 24.

## VI.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ properly applied *Chavez*; (3) whether the ALJ properly evaluated Plaintiff's symptom complaints; (4) whether the ALJ conducted a proper step-two analysis; (5) whether the ALJ conducted a proper step-three analysis; and (6) whether the ALJ conducted a proper step-five analysis.

## VII.    DISCUSSION

A.    **Medical Opinions.**

Plaintiff contends the ALJ erred by improperly disregarding the opinion of Kayleen Islam-Zwart, Ph.D., and failing to properly evaluate the limitations assessed by Samantha Chandler, Psy.D. ECF No. 18 at 10-15.

For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ gives no specific evidentiary weight to medical opinions or prior administrative medical findings.  20 C.F.R. § 416.920c(a).  Instead, the ALJ considers and evaluates the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. § 416.920c(c)(1)-(5).  The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered both factors in determining the persuasiveness of each medical opinion or prior

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

>Supportability and consistency are explained in the regulations:
>
>(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the new regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation

supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

   1.   **_Dr. Islam-Zwart._**

On August 22, 2017, Dr. Islam-Zwart conducted a psychological/psychiatric evaluation of Plaintiff for Washington State DSHS and rendered an opinion on Plaintiff's level of functioning. Tr. 435-42. Dr. Islam-Zwart diagnosed Plaintiff with posttraumatic stress disorder (PTSD); opioid dependence use disorder, moderate on methadone maintenance; major depressive disorder, recurrent, moderate; social phobia; borderline intellectual functioning (provisional); and alcohol use disorder, moderate, in sustained remission. Tr. 436, 442. She opined Plaintiff had marked limits in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to adapt to changes in a routine work setting, to communicate effectively in a work setting and to maintain appropriate behavior in a work setting, and in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms; and she had moderate limits in her ability to understand, remember, and persist in tasks by following detailed instructions, learn new tasks, make simple work related decisions, ask simple questions or request assistance, and in her ability to set realistic goals and plan independently. Tr. 436. Dr. Islam-Zwart indicated the overall severity of Plaintiff's diagnosed impairments was severe, and that her impairments were not primarily the result of alcohol or drug use within the past 60 days. Tr. 437. She opined Plaintiff would be so limited for "12 to indefinite" months. *Id.*

In a narrative supplement attached to the DSHS form, Dr. Islam-Zwart opined Plaintiff "presents indicating continued problems with depression and social anxiety," along with symptoms of PTSD and history of substance misuse. Tr. 442. She noted there was "indication of cognitive difficulties … and she

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

reports difficulty interacting in social situations and in leaving her home." *Id.* She opined Plaintiff's "presentation is such that she is unable to work at this time and her prognosis for the future seems guarded," that a medical evaluation would be necessary to determine her the degree of her physical concerns, and that "given the nature of her problems, referral for SSI seems warranted." *Id.*

The ALJ found Dr. Islam-Zwart's opinion unpersuasive because it was provided on a checkbox form with little explanation for the ratings given, her opinion was not supported by her exam with minimal objective testing, testing was generally within normal limits, and her opinion is inconsistent with the longitudinal record. Tr. 22. Plaintiff argues the form Dr. Islam-Zwart used is used by most examiners, she supported the assessed limitations with detailed notes from a clinical interview and psychological testing, the ALJ replaced her detailed findings with his own lay opinion, and that records cited as inconsistent were related to physical not mental impairments. ECF No. 18 at 11-13. Defendant argues the ALJ reasonably found the opinion unpersuasive because it lacked support and consistency. ECF No. 19 at 18-19.

The Court finds the ALJ's reasons for finding Dr. Islam-Zwart's opinion unpersuasive are not supported by substantial evidence. First, the ALJ discounted Dr. Islam-Zwart's opinion because it was "checkbox form with little explanation for the ratings given." Tr. 22. "An ALJ need not accept the opinion of any physician … if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278.F3d 947, 957 (9th Cir. 2002). Plaintiff points out that Dr. Islam-Zwart used the same DSHS form used by many examining providers, and she also provided detailed notes and a narrative summary explaining her opinion. ECF No. 18 at 11. The ALJ does not discuss the narrative summary detailing her clinical interview, objective findings from mental status and other psychological testing, and her impression and prognosis for the future.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

Tr. 439-42. The ALJ's dismissal of Dr. Islam-Zwart's opinion because it was provided on a checkbox form with little explanation is not supported by substantial evidence.

Next, the ALJ concluded that Dr. Islam-Zwart's opinion was "not supported by her cursory evaluation with minimal objective testing, and that testing was generally within normal limits." Tr. 22. The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). Here, Dr. Islam-Zwart supported her opinion with a clinical interview and administered a mental status exam and other psychological testing, which showed abnormal findings including severely impaired performance on Trails testing. Tr. 441-42. Upon mental status exam, Dr. Islam-Zwart observed anxious and distressed affect, psychomotor agitation, and "indication of cognitive difficulty." Tr. 441. While the ALJ notes Plaintiff's performance on testing for memory malingering was "exactly above the cutoff," Dr. Islam-Zwart explained her performance was not indicative of malingering or memory. Tr. 22, 442. Dr. Islam-Zwart's opinion is supported by a clinical interview along with mental status exam and other psychological testing, and she documented her objective findings in a supplemental narrative report; the ALJ's dismissal of Dr. Islam-Zwart's opinion because she performed only a cursory exam and minimal testing is not supported by substantial evidence.

Finally, the ALJ determined that Dr. Islam-Zwart's opinion was inconsistent with the longitudinal medical record, particularly treatment notes that consistently showed normal psychological status. Tr. 22. The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion. 20 C.F.R. § 416.920c(c)(2).

Here, Plaintiff points out the ALJ only cites to records from appointments focused on her physical problems; these treatment notes also show history of

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

"mental health problem," reports of increasing depression and anxiety during the period at issue, and recommendations for Plaintiff to reconnect with mental health treatment including a psychiatric provider for medication management. *See e.g.*, 408-09, 412, 424, 514. Further, while limited, mental health treatment records during the periods at issue appear consistent with Dr. Islam-Zwart's opinion, and so is the evidence from the other psychological evaluation during the period at issue. At an intake assessment with her behavioral health provider in April 2018, for example, she was observed to be anxious with depressed affect, history of trauma was noted, and she was diagnosed with PTSD, major depression, an unspecified anxiety disorder, and opiate use disorder on maintenance therapy. Tr. 491-92. At a psychological diagnostic evaluation with Dr. Chandler in March 2018, upon mental status exam the psychologist observed Plaintiff had difficulty remembering information, sustaining consistent attention, and she presented with a somewhat restricted affect and depressed and very anxious mood. Tr. 450-51. Both psychologists who evaluated Plaintiff during the period at issue also noted further psychological testing would be necessary to assess her level of intellectual functioning, and both psychologists opined her psychological prognosis was poor. Tr. 441, 453. Accordingly, the ALJ's conclusion that Dr. Islam-Zwart's opinion was inconsistent with the longitudinal record is not support by substantial evidence.

Upon remand the ALJ is instructed to reconsider the persuasiveness of Dr. Islam-Zwart's opinion and incorporate the opinion into the RFC or give reasons supported by substantial evidence to reject the opinion.

2.  **<u>Dr. Chandler.</u>**

In March 2018, Dr. Chandler conducted a psychological diagnostic evaluation of Plaintiff and rendered an opinion on Plaintiff's level of functioning. Tr. 448-53. Dr. Chandler diagnosed Plaintiff with social anxiety with paranoid

features; major depressive disorder; unspecified trauma and stressor related disorder; opioid use disorder, on maintenance therapy (methadone); stimulant use disorder, amphetamine-type substance, in (self-reported) sustained remission, alcohol use disorder, in (self-reported) sustained remission. Tr. 452. Dr. Chandler opined Plaintiff's ability to interact appropriately with supervisors, coworkers, and the public within a work environment would likely depend on the number of people (especially males) and degree of interpersonal interactions required; she had cognitive ability to remember some information, understand simple concepts and follow simple three-step instructions; and she is likely to have difficulty in the areas of remote memory and concept formation. *Id.* Dr. Chandler opined her ability to follow complex multi-step instructions, sustain concentration, mentally cope with and tolerate work related stressors, quickly process and adjust to changes in task requirements, and maintain consistent performance would be affected by her psychological symptoms; and she noted further psychological testing may be helpful in regard to her level of intellectual functioning. *Id.* She opined "her psychological prognosis seems poor." *Id.* at 453.

The ALJ found Dr. Chandler's opinion "persuasive as far as it goes, but it provides little to no concrete, qualified limitations"; the ALJ concluded the opinion was "generally consistent" with the RFC of the 2011 ALJ's decision, and that the 2011 RFC limitations "address and account for Dr. Chandler's proposed limitations." Tr. 21-22. Plaintiff argues the ALJ erred by finding Dr. Chandler's opinion persuasive and well supported, then failing to include any of Dr. Chandler's assessed limitations in the RFC and failing to order recommended testing or hold the record open for review of scheduled testing despite Dr. Chandler's findings regarding intellectual functioning. ECF No. 18 at 15-16. Defendant argues the ALJ reasonably found Dr. Chandler's opinion persuasive and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

that the ALJ included multiple limitations in the RFC that account for Dr. Chandler's opinion. ECF No. 19 at 15-17.

As the claim is being remanded for reconsideration of Dr. Islam-Zwart's opinion, the ALJ shall also reconsider Dr. Chandler's opinion, taking into consideration the factors as required by the regulations and considering the record as a whole.

      3.     *<u>Prior Administrative Findings.</u>*

In March and June 2018, the state agency physical and mental consultants reviewed the available records and assessed Plaintiff's level of functioning. Tr. 206-25, 227-46. The ALJ found the opinions of the state agency physical and mental consultants persuasive "to the extent that they match the prior ALJ decision." Tr. 21. An ALJ is required to articulate how they considered the consistency and supportability factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ did not articulate his assessment of either factor with respect to the prior administrative findings.

As the claim is being remanded for reconsideration of the opinions of Dr. Islam-Zwart and Dr. Chandler, the ALJ shall reassess all medical opinions and prior administrative medical findings, setting forth an analysis of the consistency and supportability of these opinions as required by the regulations. The ALJ will incorporate the opinions into the RFC or give reasons supported by substantial evidence to reject them.

B.    *<u>Chavez v. Bowen.</u>*

Plaintiff contends the ALJ erred in his application of *Chavez* and AR 97-4(9). ECF No. 18 at 7-10. "The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

(9th Cir. 1998) (citing *Lyle v. Sec'y of Health and Human Servs.*, 700 F.2d 566, 568 n.2 (9th Cir. 1983)). Under the doctrine of res judicata, a prior, final determination of nondisability bars relitigation of that claim through the date of the prior decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Furthermore, in the Ninth Circuit, a prior, final determination of nondisability "create[s] a presumption that [the claimant] continued to be able to work after that date." *Id.* (citation and internal quotation marks omitted).[3]

"[T]he authority to apply res judicata to the period *subsequent* to a prior determination [however] is much more limited." *Id.* (emphasis in original). "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). Examples of changed circumstances include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category," and a new issue raised by the claimant, "such as the existence of an impairment not considered in the previous application." *Lester*, 81 F.3d at 827-28 (citations omitted); *see also* Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997). Even where the presumption is rebutted because of changed circumstances, an adjudicator must adopt certain findings which were made in a

---

[3] Acquiescence Ruling (AR) 97-4(9) explains how *Chavez* differs from the Social Security Administration's (SSA) interpretation of Social Security policy requiring de novo review of claims for unadjudicated periods. The SSA applies the *Chavez* presumption only as to claimants residing in the Ninth Circuit. AR 97-4(9), available at 1997 WL 742758 at *3.

final decision by an ALJ or the Appeals Council under the same title of the Act "unless there is new and material evidence" related to the finding. AR 97-4(9), 1997 WL 742758, at *3; *see also* HALLEX 1-5-4-60, *Implementation of the Chavez Acquiescence Ruling (Ninth Circuit),* 1998 WL 34083439, at *4 (Dec. 28, 1998).

On October 12, 2011, a prior ALJ found Plaintiff was not disabled. Tr. 172-99. The ALJ in the present case found Plaintiff rebutted the presumption of continuing nondisability, because "the relevant listings have changed and the [Plaintiff] has alleged both worsening and additional impairments." Tr. 15. Continuing the analysis, the ALJ concluded he could not adopt the prior ALJ's findings at steps two, three, or four, because Plaintiff had new mental health impairments, the agency had promulgated new rules and regulations related to the evaluation of mental health impairments, and Plaintiff's past work could no longer considered past relevant work, because it was no longer within the last 15 years. Tr. 18-19, 22-23. The ALJ found, however, that no new or material evidence had been submitted that would allow him to deviate from the prior ALJ's findings at step one, Plaintiff's RFC, and step five, and he adopted those findings. Tr. 15-16, 17-18, 21.

Plaintiff argues the updated medical evidence of record establishes a worsening of existing impairments, new impairments, and disabling contemporary medical source opinions, all of which constitute new and material evidence and a changed condition that warrants reanalysis of the prior ALJ's findings. ECF No. 18 at 7-10.

As this claim is being remanded for further consideration of the medical opinion evidence, the ALJ is instructed to reconsider all medical evidence, reapply *Chavez* and AR 97-4, and perform the five-step analysis anew, taking into consideration any other evidence or testimony relevant to Plaintiff's claim.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 15

C. **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 18 at 19-21. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the medical evidence and other evidence in the record. Tr. 20. The ALJ found Plaintiff's allegations were inconsistent with the evidence of record, evidence since the prior hearing did not show evidence of deterioration in her functioning, and she had had/sought very little treatment and she was noncompliant with treatment. *Id.*

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to readdress the medical evidence, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the

entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

D.   **Step Two and Step Three.**

Plaintiff also contends the ALJ erred at step two and step three by rejecting evidence of numerous additional severe impairments and making inadequate step three findings. ECF No. 18 at 16-18. As this claim is being remanded for reevaluation of the medical evidence and to perform the sequential analysis anew, upon remand the ALJ will reconsider Plaintiff's impairments at step two and reassess whether any of Plaintiff's impairments meet or equal a listing at step three.

E.   **Step Five.**

Plaintiff contends the ALJ erred by failing to conduct an adequate analysis at step five, including failing to call a vocational expert. ECF No. 18 at 21. "[I]f a claimant establishes an inability to continue [his] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (*citing Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). At step five, "the ALJ ... examines whether the claimant has the [RFC] ... to perform any other substantial gainful activity in the national economy." *Id*. "If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do." *Tackett*, 180 F.3d at 1099. "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a [VE], or (2) by reference to the Medical-Vocational Guidelines...." *Id*. "If the Commissioner meets this burden, the claimant is not disabled and therefore not entitled to ... benefits." *Id*. (citation

ORDER GRANTING PLAINTIFF'S MOTION . . . - 17

omitted). "If the Commissioner cannot meet this burden, then the claimant is disabled and therefore entitled to ... benefits." *Id*. (citation omitted).

As the case is being remanded for the ALJ to reconsider the medical evidence and perform the five-step analysis anew, the ALJ is also instructed to reconsider the step-five analysis with the assistance of vocational expert testimony.

## VIII. CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for the ALJ to reconsider the medical evidence, including conflicting medical opinion evidence.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence of record, including all medical opinion evidence, reassess and apply *Chavez* and AR 97-4 as appropriate, and perform the sequential analysis anew, making findings on each of the five steps of the sequential evaluation process and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3.  The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion.

5.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE